# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:12CR00022-14 |
| v. | ) | **OPINION** |
| | ) | |
| **MATTHEW J. BLACKSTONE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia for United States; Matthew J. Blackstone, Pro Se Defendant.*

The defendant, Matthew J. Blackstone, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. This matter is before me upon the United States' Motion to Dismiss, and Blackstone has responded, making the matter ripe for disposition.[1] After reviewing the record, I

---

[1] In his Response to the United States' Motion to Dismiss, Blackstone asserts that he was prejudiced in his ability to argue his case because he was not afforded free copies of his transcripts. On November 14, 2014, the court received a letter from Blackstone requesting copies of his sentencing transcript at no charge on the basis that he was indigent and stating that he needed the transcript to "effectively prepare a motion under 28 U.S.C. § 2255." (ECF No. 601.)

Under 28 U.S.C. § 753(f), a defendant proceeding in forma pauperis is entitled to a copy of his transcripts at government expense in a federal habeas proceeding only if he demonstrates that the suit is "not frivolous" and that the transcript is "needed to decide the issue" presented in the suit. *See* 28 U.S.C. § 753(f); *see also United States v. MacCollom*, 426 U.S. 317, 320-21 (1976); *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw."). Blackstone has not shown that a copy of the sentencing transcript was necessary

grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence.[2]

## I.

Blackstone and seventeen codefendants were charged in a multi-count Superseding Indictment. Count five charged Blackstone with conspiracy to distribute and possess with the intent to distribute Ectasy, oxycodone, 280 grams or more of cocaine base, and 5 kilograms or more of cocaine, all in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and 841(b)(1)(C). Count 19 charged Blackstone with intentionally distributing cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On September 30, 2013, Blackstone pleaded guilty, pursuant to a Plea Agreement, to a lesser included offense of count five of the Superseding Indictment, conspiracy to distribute 28 grams or more of cocaine base and 500 grams or more of cocaine.

At the guilty plea hearing, Blackstone affirmed that he had an adequate opportunity to read and discuss the Plea Agreement with counsel before signing it.

---

for him to argue his claims. Moreover, I have reviewed the transcripts and find that they do not support Blackstone's claims.

[2] Blackstone argues that the United States' Motion to Dismiss was untimely filed. Pursuant to Federal Rule of Civil Procedure 6 and the Order to Respond entered on January 21, 2015, the United States had until March 23, 2015, to file its Response. Because the United States filed its Response on that date, Blackstone's argument has no merit.

(Plea Hr'g Tr. 4-5, ECF No. 621.) Blackstone further affirmed that he was "fully satisfied with [his] lawyer's representation." (*Id.* at 5.) The United States summarized the terms of the Plea Agreement, and both the United States and the court advised Blackstone that the maximum statutory penalty for his crime was 40 years' imprisonment and that the mandatory minimum sentence was 5 years' imprisonment. (*Id.* at 5, 9.) Blackstone affirmed his understanding that, under the Plea Agreement, he gave up his right to appeal or collaterally attack his sentence. (*Id.* at 8.) Blackstone affirmed that no one had made any promises to him other than those contained in the Plea Agreement to cause him to plead guilty and that no one had threatened him or attempted to force him to plead guilty. (*Id.*) Blackstone further affirmed his understanding that his sentence may be different from any estimates that his lawyer may have given him. I found that Blackstone was fully competent and capable of entering an informed plea and that his plea of guilty was knowing and voluntary. (*Id.* at 14.)

At the sentencing hearing, the court accepted the Presentence Investigation Report ("PSR") without objection. The PSR recommended a total offense level of 25 and a criminal history category of IV, resulting in a guideline imprisonment

range of 84 to 105 months. (PSR 25, ECF No. 479.) I sentenced Blackstone to 84 months' imprisonment. Blackstone did not appeal.[3]

In this § 2255 motion, Blackstone alleges that counsel provided ineffective assistance by: (1) misadvising him about his guilty plea; (2) failing to adequately communicate with him about his case; and (3) failing to conduct an adequate investigation. I find that Blackstone's Motion to Vacate fails and will be dismissed.

II.

To establish a claim of ineffective assistance of counsel, petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).[4] The first prong of *Strickland* requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," meaning that counsel's representation fell below an objective standard of reasonableness. *Id*. at 687-88. Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Id*. at 689; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983).

---

[3] Blackstone's sentenced was later reduced to 70 months pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 633.)

[4] If a petitioner has not satisfied one prong of the test, a court does not need to inquire whether he has satisfied the other prong. *Id.* at 697.

- 4 -

Case 1:12-cr-00022-JPJ-RSB   Document 641   Filed 10/15/15   Page 4 of 9   Pageid#: 3576

The second prong of *Strickland* requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A petitioner who had pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Blackstone's claims of ineffective assistance of counsel do not show both the deficient performance and resulting prejudice required by *Strickland*. Accordingly, these claims will be dismissed.

### A. Guilty Plea.

Blackstone claims that counsel misadvised him regarding his guilty plea and, thus, his plea was entered involuntarily and unintelligently. Blackstone claims counsel "told him the prosecutor [would] offer a new plea at the plea hearing but no new plea was offered." (Mot. to Vacate 4, ECF No. 599.) Blackstone also asserts that counsel advised him that he would receive the five-year mandatory minimum sentence if he accepted the Plea Agreement and that he could face 40 years' imprisonment if he did not. (Resp. to Mot. Dismiss 5, ECF No. 599.)

- 5 -

These claims are directly contradicted by Blackstone's affirmations under oath during the Rule 11 colloquy that no one had made any promises to him, other than those contained in the Plea Agreement, that caused him to plead guilty. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (finding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false'"). Furthermore, Blackstone acknowledged under oath during the plea colloquy that he understood his sentence may be different from any estimate provided by counsel.[5] (Plea Hr'g Tr. 10, ECF No. 622.) Finally, regardless of any length of sentence allegedly promised by counsel, Blackstone cannot show prejudice because I informed him at the plea hearing that he was pleading guilty to a charge that carried a maximum penalty of 40 years' imprisonment. (*Id.*)

Blackstone also asserts that counsel should have made a motion for a downward departure from the sentencing guideline range based on a number of

---

[5] Blackstone also argues in his Response to the Motion to Dismiss that counsel provided ineffective assistance by failing to argue that his sentencing guideline range was calculated incorrectly. In support, Blackstone asserts that he should not have received criminal history points for his public intoxication convictions because "minor offenses never add [criminal history] points." (Resp. to Mot. Dismiss 2-3, ECF No. 628.) This argument lacks merit because Blackstone did not receive criminal history points for any public intoxication convictions. A review of his PSR shows that he received a subtotal of six criminal history points based on three convictions for driving under the influence and one conviction for possession of cocaine. (PSR 19-20, ECF No. 479.) Two criminal history points were added because he committed the instant offense while under a sentence for possession of a controlled substance. (*Id.* at 21.)

arguments, including: (1) that his criminal history category overrepresented the seriousness of his criminal history; (2) that he had previously completed a drug abuse treatment program; (3) his honorable military service record; and (4) that he turned to drugs as a result of family issues. However, Blackstone has not shown ineffective assistance because counsel capably addressed Blackstone's criminal history category, honorable military service record, and difficult family history at the sentencing hearing. (Sentencing Hr'g Tr. 5-6, ECF No. 622.) Moreover, the PSR included information regarding Blackstone's previous completion of a drug abuse treatment program through the Department of Veterans Affairs.[6] (PSR 23, ECF No. 479.) Accordingly, these claims will be dismissed.

## B. Communication.

Blackstone asserts that counsel failed to adequately communicate with him about his case. Blackstone complains that counsel did not answer his letters and failed to notify him about continuances. However, Blackstone provides no evidence in support of his claim and does not describe how he was prejudiced by counsel's alleged failure to communicate.

Moreover, these claims are directly contradicted by Blackstone's affirmation under oath during the Rule 11 colloquy that he was fully satisfied with counsel's

---

[6] Blackstone also argues that counsel should have introduced "character letters," but he fails to proffer who would have written these letters, their content, or how they would have helped his case.

- 7 -

representation. *See Lemaster*, 403 F.3d at 221. Blackstone also affirmed that he had an adequate opportunity to discuss the Superseding Indictment, his case in general, and the Plea Agreement with counsel. (Plea Hr'g Tr. 4-5, ECF No. 621.) In his Response to the Motion to Dismiss, Blackstone claims that he felt "pressured to answer the Judge's questions about his satisfaction with his attorney . . . in a favorable way." (Resp. to Mot. Dismiss 5, ECF No. 628.) However, absent extraordinary circumstances not present here, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted). Accordingly, this claim will be dismissed.

### C. Investigation.

Blackstone claims that counsel failed to conduct an adequate investigation into the facts of his case. In support, Blackstone asserts that counsel should have questioned "his accusers and other defendants." (Mot. to Vacate 7, ECF No. 599.) However, Blackstone does not specify what counsel would have discovered that would have changed the outcome of the case. Conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992). Moreover, this claim is directly contradicted by

Blackstone's affirmation under oath during the Rule 11 colloquy that he was satisfied with counsel's representation. *Lemaster*, 403 F.3d at 221. Accordingly, this claim will be dismissed.

## III.

For the foregoing reasons, I grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: October 15, 2015

/s/ James P. Jones
United States District Judge